UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK AUSTIN,

                        Plaintiff,

   -against-

IL COMMENDATORE RESTAURANT INC.
d/b/a CASA BELLA and 182 HESTER STREET
LLC,

                      Defendants
-------------------------------------------------------------x

Caso No.   1:25-cv-4835

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Il Commendatore Restaurant Inc. d/b/a Casa Bella and 182 Hester Street LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.    This action challenges defendants' ongoing disability discrimination. Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorney's fees, costs and expenses under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and its regulations, along with the New York State Executive Law, the New York State Civil Rights Law, and the Administrative Code of the City of New York. Defendants own, operate, lease, or control a place of public accommodation that does not comply with these laws. Defendants are also liable for the conduct of their agents and employees.

2.    Defendants deliberately disregarded their legal duty to make their premises accessible, hoping to evade accountability. This lawsuit demands they be held accountable and compels them to make the premises accessible so that plaintiff can enjoy the same full and equal experience offered to non-disabled patrons.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because federal questions are involved. Supplemental jurisdiction over related state and city law claims is proper under 28 U.S.C. § 1367(a).

4. Venue lies in this district under 28 U.S.C. § 1391(b) because the events at issue and the subject premises are located within this district.

## PARTIES

5. Plaintiff resides in New York County, New York.

6. Plaintiff uses a wheelchair due to spinal injury and nerve palsy affecting the L3-L5 vertebrae. He has significant mobility impairment and limited range of motion.

7. Defendants own, lease, or operate property located at or near 127 Mulberry Street, New York, NY 10013 ("the Premises").

8. Defendants are authorized to conduct business in New York State.

9. Defendants operate a public accommodation at the Premises.

## ALLEGATIONS

10. Defendants meet the statutory definitions of a public accommodation under the ADA, Executive Law, and Administrative Code as they own, lease, control, or operate the Premises.

11. The Premises qualifies as a public accommodation under the ADA, Executive Law, and Administrative Code as a privately operated facility affecting commerce.

12. Plaintiff encountered architectural barriers at the Premises that restrict his access.

13. Upon information and belief, the Premises was designed and built for first occupancy after January 26, 1993.

14. Upon information and belief, defendants made alterations to the Premises after January 1992.

15. Plaintiff regularly travels through the neighborhood where the Premises is located.

16. He visits the area frequently for family activities, shopping, and meals, and enjoys reading or listening to music while dining.

17. He uses an electric wheelchair and sometimes utilizes city buses for transportation.

18. On or about April 28, 2025, plaintiff attempted to enter the Premises to try the restaurant's Italian cuisine, including Rigatoni Americana.

19. Access was denied due to an architectural barrier at the entrance. No method existed for summoning assistance.

20. This experience left plaintiff feeling humiliated and excluded.

21. Plaintiff still intends to visit once the Premises is accessible.

22. The location is less than an hour from his residence.

23. The services, features, and elements at the Premises are not accessible as required by the ADA's 1991 and 2010 Standards.

24. Because of these non-compliant conditions, plaintiff has been and remains unable to safely and fully access the Premises.

25. Defendants have failed to meet the requirements of the ADA, the Administrative Code, the NYC Building Code, and the 2014 NYC Construction Code.

26. Barriers to access encountered or known by plaintiff include:

27. Entrance lacks an accessible route and ramp. There is a step at the entrance with no compliant egress.

28. Indoor dining tables do not provide required knee and toe clearance and lack the mandated number of accessible seating spaces.

29. Outdoor dining tables are inaccessible due to an obstructed path with steps and no alternative accessible route.

30. The bar exceeds allowable height, lacks proper knee and toe clearance, and fails to include an accessible section.

31. A stairway obstructs access to the restrooms.

32. The restroom door has a knob that requires wrist twisting, in violation of operability requirements.

33. These are not the only barriers; further inspection will reveal additional violations.

34. A full inspection is required to catalog all accessibility issues and ensure full compliance. Plaintiff reserves the right to amend the Complaint after such inspection.

35. Defendants denied plaintiff equal participation in their offerings because of his disability.

36. Defendants have not adopted compliant policies or made reasonable accommodations.

37. Plaintiff faces a real and ongoing risk of future discrimination due to the Premises' inaccessibility.

38. Plaintiff frequents the area and intends to return once the Premises is accessible.

**FIRST CAUSE OF ACTION (Violations of the Americans with Disabilities Act)**

39. Plaintiff reasserts all prior allegations.

40. Plaintiff has a disability under the ADA due to his mobility impairment and

uses a wheelchair.

41. The ADA imposes joint and several liability on owners and lessees of public accommodations.

42. Neither party to a lease may shift ADA compliance responsibilities. Both remain liable.

43. Defendants have denied plaintiff equal access and subjected him to unequal treatment because of his disability.

44. Defendants' practices send a message that disabled patrons are not welcome.

45. The Premises was designed, constructed, or altered without complying with the 1991 or 2010 ADA Standards.

46. The facility lacks full accessibility and fails to provide equal treatment for disabled individuals.

47. Defendants made alterations but did not ensure accessibility to the maximum extent feasible.

48. Defendants failed to provide accessible routes to altered primary function areas.

49. Defendants were required to comply with the 2010 Standards for all altered elements.

50. Defendants failed to remove readily achievable barriers.

51. Failing to remove these barriers constitutes disability discrimination.

52. Alternatively, defendants did not offer reasonable alternatives to removing barriers.

53. Defendants' failure to remedy access issues is part of a broader pattern of discrimination.

54. Defendants continue to maintain an inaccessible facility in violation of the ADA.

**SECOND CAUSE OF ACTION (Violations of the New York State Executive Law)**

55. Plaintiff reasserts all prior allegations.

56. Plaintiff has a disability as defined under Executive Law § 296(21).

57. Defendants treated plaintiff differently and denied him equal use of the Premises due to his disability.

58. Defendants violated Executive Law § 296(2) by maintaining an inaccessible facility. They also aided others in committing discrimination.

59. Defendants failed to implement readily achievable accommodations or modifications.

60. Alternatively, they did not provide reasonable alternatives to physical alterations.

61. Making the Premises accessible would not impose an undue burden.

62. As a result of this unlawful discrimination, plaintiff has suffered emotional distress and other damages to be determined at trial.

**THIRD CAUSE OF ACTION (Violations of the Administrative Code of the City of New York)**

63. Plaintiff reasserts all prior allegations.

64. Plaintiff has a disability under Administrative Code § 8-102(16).

65. The Restoration Act requires broad interpretation of the City's human rights protections.

66. Defendants denied plaintiff access and benefits of their facility due to his disability, in violation of Administrative Code § 8-107(4).

67. Defendants maintained or created an inaccessible facility and aided in this

discrimination.

68. Defendants acted intentionally and recklessly, entitling plaintiff to punitive damages.

69. Defendants profited by failing to make required upgrades. These profits must be disgorged.

70. Plaintiff has suffered emotional harm and financial damages.

**FOURTH CAUSE OF ACTION (Violations of the New York State Civil Rights Law)**

71. Plaintiff reasserts all prior allegations.

72. Plaintiff experienced discrimination under the Executive Law.

73. Plaintiff is entitled to statutory penalties under Civil Rights Law §§ 40-c and 40-d.

## INJUNCTIVE RELIEF

74. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

75. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

76. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

77. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations

and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

78.    In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants

for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: June 7, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com